LILES, Judge.
Appellant, Thomas E. Lacey, was charged and convicted by jury for the crime of uttering a forged check. Prior to trial, appellant was ordered to give an example of his handwriting. This he refused to do and was cited for contempt with the provision that he may purge the contempt by submitting a handwriting example. He did so over objection.
The main question before this Court is whether or not the giving of handwriting exemplars is in violation of his constitutional rights under the Fifth Amendment of the United States Constitution and Section 12 of Declaration of Rights of the Florida Constitution, F.S.A.
In Schmerber v. California, 1966, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908, the Supreme Court decided that withdrawal of blood for a bloodiest in testing for alcohol was not contrary to the Fifth Amendment rights and said:
“On the other hand, both federal and state courts have usually held that it' *629 offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling ‘communications’ or ‘testimony,’ but that compulsion which makes a suspect or accused the source of ‘real or physical evidence’ does not violate it.” 384 U.S. 757, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908.
Again in United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, the court referred to its Schmerber opinion and again held that writing for identification purposes did not violate protection under the Fifth Amendment. This matter was more clearly enunciated in Gilbert v. California, 1967, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, where the court said:
“The privilege reaches only compulsion of ‘an accused’s communications, whatever form they might take, and the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one’s papers,’ and not ‘compulsion which makes a suspect or accused the source of “real or physical evidence” * * *.’ Schmerber v. California, 384 U.S. 757, 763-764, 86 S.Ct. 1826, 16 L.Ed.2d 908, 916. One’s voice and handwriting are, of course, means of communications. It by no means follows, however, that every compulsion of an accused to use his voice or write compels a communication within the cover of the privilege. A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection. United States v. Wade, supra, 388 U.S. at 222-223, 87 S.Ct. at 1929-1930, 18 L.Ed.2d at 1154, 1155. No claim is made that the content of the exemplars was testimonial or communicative matter. Cf. Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746.” 388 U.S. 263, 266, 87 S.Ct. 1951, 1953, 18 L.Ed.2d 1178.
The other points raised by appellant are without merit.
For the foregoing reasons the judgment of the trial court is hereby affirmed.
HOBSON, C. J., and McNULTY, J., concur.